UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH MORGULIS, on behalf of herself and all others similarly situated,<br><br>                          Plaintiff,<br><br>    -against-<br><br>Bus Patrol America, LLC,<br><br><br>                        Defendant. | Case No. 1:24-cv-113<br><br>NOTICE OF REMOVAL |

Defendant BusPatrol America, LLC s/h/a Bus Patrol America, LLC ("Defendant" or "BusPatrol"), by and through its attorneys, Nixon Peabody LLP, hereby removes the action identified as Sarah Margulis, on behalf of herself and all others similarly situated v. Bus Patrol America, LLC, No. 655887/2023 from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

This civil action is removed under 28 U.S.C. §§ 1332, 1441, 1446, 1453. For the reasons set forth below, this Court has subject matter under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453. Additionally, as required by U.S.C. § 1446(a), all process, pleadings and orders served on the Defendant in this action to date are attached hereto.

As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), the Defendant states as follows:

## I.     PROCEDURAL BACKGROUND

1.     On November 27, 2023, Plaintiff Sarah Margulis commenced a civil action by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New

York. A true and accurate copy of the Summons and the Complaint and the exhibits thereto are attached collectively as **Exhibit A**.

2.      Plaintiff served the Complaint on Defendant by delivering the Summons, Complaint, and Notice of Electronic Filing to the New York Secretary of State on December 7, 2023, and therefore this Notice is timely. *See* 28 U.S.C. § 1446(b)(1). A copy of the Affidavit of Service is attached as **Exhibit B**.

3.      By stipulation dated December 29, 2023, Defendant's time to respond to the Complaint was extended through and including January 26, 2024. A true and accurate copy of the Stipulation is attached as **Exhibit C**.

4.      Plaintiff styles the Complaint as a putative class action, purporting to sue on her own behalf and "all others similarly situated." In particular, Plaintiff seeks to certify a class of "owners of vehicles who were issued [Notices of Liability] pursuant to VTL 1174-a in New York State since August 6, 2019 ('the Class')." Ex. A, Complaint at ¶ 109. The allegations in the Complaint, taken as a whole, appear to further define the class as all individuals who were issued Notices of Liability pursuant to Section 1174-a of the New York State Vehicle and Traffic Law ("VTL") for violating Section 1174 of the VTL and paid fines without contesting liability. *See generally* Ex. A, Complaint.

5.      The Complaint asserts causes of action for: (a) unjust enrichment; (b) fraudulent concealment / fraudulent inducement; (c) negligent misrepresentation; (d) violation of New York General Business Law § 349; and (e) declaratory judgment.

4896-2001-9098.1

## II.    VENUE

6.    Because the Supreme Court of the State of New York, County of New York lies in the Southern District of New York, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 112(b) and 1441(a).

## III.    CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D).

7.    This action is removable under the Class Action Fairness Act of 2005, Pub. L. No. 109-2 (2005). CAFA contains an independent removal provision in 28 U.SC. § 1453, which provides for the removal of a "class action," as that term is defined under 28 U.S.C. § 1332(d)(1). *See* 28 U.S.C. § 1453.

8.    Under 28 U.S.C. § 1332(d)(1)(B), a "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9.    Plaintiff purports to bring this case as such a "class action," in that she asserts to bring this lawsuit on behalf of herself and all others similarly situated pursuant to New York Civil Practice Law and Rules § 901. *See* Ex. A, Complaint ¶¶ 109 - 121.

10.    Plaintiff defines the Class as "the owners of vehicles who were issued NOL pursuant to VTL 1174-a in New York State since August 6, 2019 (the "Class")." *Id.* ¶ 109.

11.    Plaintiff excludes from this definition of the Class, "Defendants, their governing agencies, subsidiaries, affiliates, employees, officers and directors; any co-conspirators; federal governmental entities and instrumentalities of the federal government; states and their subdivisions, agencies and instrumentalities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and Class counsel." *Id.* ¶ 110.

4896-2001-9098.1

12.     Therefore, this action is properly considered a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B).

13.     Pursuant to 28 U.S.C. § 1332(d)(2), a district court shall have "original jurisdiction" over any putative class action if: (a) the proposed class contains at least 100 members; (2) the defendants are not states, state officials, or other governmental entities; (3) any member of the putative class is a citizen of a State different from any defendant; and (4) the amount in controversy for all of the putative class members exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2).

### A.  The Proposed Class Contains At Least 100 Members

14.     According to Plaintiff, "[u]pon information and belief Plaintiff is one of thousands of individuals who paid fines for legally insufficiently alleged Stop-Arm Violations based on mistake or fraud due to Defendant's material misrepresentations or [o]missions on the NOL." Ex. A, Complaint ¶ 3; *id.* ¶ 113 ("counsel believes that the Class encompasses thousands of individuals"). Thus, without conceding liability and while expressly disputing liability, the appropriateness of class treatment, the appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claims for relief, there are far more than 100 proposed class members for the purposes of removal under CAFA. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (finding the requirement of at least 100 members in the putative class satisfied when "the complaint plainly states that there are thousands of members."); *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-1238 JS, 2014 U.S. Dist. LEXIS 88881, at *18 (E.D.N.Y. June 30, 2014) ("the Complaint itself alleges that the proposed class amounts to 'thousands, if not more'" and thus "the class size requirement is met.").

15.     Additionally, a preliminary investigation has revealed that the putative class as defined by Plaintiff does contain at least 100 members. *See* Declaration of Brad Conrad ("Conrad Decl.") at ¶ 3.

**B.  There is "Minimal Diversity" Between the Parties as Required by CAFA**

16.     The requisite "minimal diversity" is satisfied under 28 U.S.C. § 1332(d)(2) if: "(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state."

17.     Plaintiff is a citizen of the State of New York. *See* Ex. A, Complaint ¶ 18.

18.     Defendant is a limited liability company organized under the laws of the State of Delaware, and it maintains its principal place of business in Virginia. *See* Conrad Decl. ¶ 2. Accordingly, for the purpose of diversity jurisdiction under CAFA, Defendant is a citizen of Delaware and Virginia. *See* 28 U.S.C. § 1332(d)(10); *see also Claridge v. N. Am. Power & Gas, LLC*, 2015 U.S. Dist. LEXIS 117693, at *3 (S.D.N.Y. 2015) ("Although the Second Circuit has not yet given guidance as to an LLC's citizenship for purposes of CAFA jurisdiction, two United States Courts of Appeals have held that an LLC's citizenship under CAFA is determined by the state of organization and principal place of business under section 1332(d)(10).") (citations omitted).

**C.  Amount in Controversy Exceeds $5 Million**

19.     Without conceding liability, the appropriateness of class treatment, the appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claims for relief, as

5

4896-2001-9098.1

pleaded by Plaintiff, and while expressly disputing liability, it is clear that the amount in controversy exceeds $5 million.

20.     "In determining the amount in controversy, courts first turn to the allegations of the plaintiff's complaint." *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 354 (E.D.N.Y. 2008). "CAFA explicitly provides for aggregation of each class member's claims in determining whether the amount of controversy is at least $5,000,000." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006) (citing 28 U.S.C. § 1332(d)(2)(A)).

21.     The Plaintiff is seeking as damages a return of all monies paid by proposed class members in connection with Notices of Liability issued by BusPatrol. *See, e.g.*, Ex. A, Complaint ¶ 11 ("Defendant failed to offer Plaintiff and Class members full refunds, plus interest, of the fines and associated fees paid for their legally insufficient Stop-Arm violations."); *id.* ¶ 130 ("Plaintiff and Class members are entitled to restitution as it is unjust an inequitable for Defendants to retain such money based on the unlawful conduct described above."); *id.* ¶ 137 ("Plaintiff and Class members have sustained economic injury by paying fines and associated fees for legally insufficient alleged Stop-Arm Violations."); *id.* ¶¶ 146, 151. Plaintiff also seeks, for herself and the Class members, pre-judgment and post-judgment interest, costs, and attorney fees. *Id.* ¶ 138.

22.     Since August 6, 2019, BusPatrol has issued approximately 300,000 Notices of Liability in New York to violators who did not contest liability from whom it has collected on behalf of New York municipalities in far excess of $5,000,000 in civil fines. Conrad Decl. ¶ 3. Accordingly, the amount in controversy exceeds $5 million.

4896-2001-9098.1

## IV.     NOTICE OF FILING OF REMOVAL

23.     Contemporaneously with the filing of this Notice of Removal, the Defendant is

filing a true and accurate copy of this Notice of Removal and all documents filed in support

thereof with the clerk of the Supreme Court of the State of New York, County of New York,

pursuant to 28 U.S.C. § 1446(d). The Defendant will also serve Plaintiff with a copy of this

Notice of Removal.

**WHEREFORE**, having fulfilled all statutory requirements, Defendant removes this

action from the Supreme Court of the State of New York, County of New York, to this Court, and

requests that this Court assume full jurisdiction over this matter as provided by law.


Dated: New York, New York
      January 5, 2024

                           **NIXON PEABODY LLP**


                           By: ___*/s/ Neil P. Diskin*_____
                                 Timothy D. Sini
                                 Neil P. Diskin
                                 Thomas M. Caruso
                         55 West 46th Street
                         New York, New York 10036
                         (516) 832-7500
                         tsini@nixonpeabody.com
                         ndiskin@nixonpeabody.com
                         tcaruso@nixonpeabody.com

                         *Attorneys for Defendant*