

Nixon Peabody LLP
275 Broadhollow Road, Suite 300
Melville, NY  11747-4808

**Timothy D. Sini**
Partner

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

T / 516.832.7655
F / 833.875.0420
tsini@nixonpeabody.com

January 12, 2024

*VIA ECF*

The Honorable Edgardo Ramos, U.S.D.J.
United States District Court
 for the Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

**RE:  *Morgulis v. Bus Patrol America, LLC*, Case No. 24-CV-00113-ER**

Dear Judge Ramos:

This Firm represents defendant BusPatrol America, LLC s/h/a Bus Patrol America, LLC ("Defendant"). We write pursuant to Rule 2(A)(ii) of Your Honor's Individual Rules to request a pre-motion conference in anticipation of filing a motion to dismiss.

Background

Plaintiff Sarah Morgulis ("Plaintiff") was issued a Notice of Liability ("NOL") because she, or someone driving a vehicle she owned, passed a School Bus while its stop-arm was activated, in violation of New York Vehicle and Traffic Law ("VTL") Section 1174(a). Plaintiff received the NOL, was provided access to the supporting video and photo evidence, admitted liability, waived a hearing on the NOL, and paid the associated civil penalty. Plaintiff does not allege that she, nor anyone using her vehicle, did not pass a School Bus with its stop-arm activated. Instead, Plaintiff alleges, incorrectly, that the NOL was facially insufficient. Based on the alleged insufficiency of the NOL, Plaintiff asserts five causes of action: (1) unjust enrichment; (2) fraudulent concealment / fraudulent inducement; (3) negligent misrepresentation; (4) violation of New York General Business Law ("GBL") Section 349; and (5) declaratory judgment. Plaintiff's complaint must be dismissed for numerous reasons.

The Doctrine of Res Judicata Bars Plaintiff's Claims

Each of Plaintiff's claims are predicated on the alleged insufficiency of the NOL. Plaintiff could have raised the alleged insufficiency at a hearing on the NOL, and thus Plaintiff's claims are barred by the doctrine of res judicata. "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties from relitigating issues that were (or could have been) raised in that action." *Pierre v. Aurora Loan Servs., LLC*, 2023 U.S. App. LEXIS 3050 (2d Cir. 2023) (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 439, 499 (2d Cir. 2014)). Plaintiff could have contested the sufficiency of the NOL at the hearing afforded to her, but she did not. Instead, she admitted liability, waived the hearing, and paid the civil penalty. She is now estopped from collaterally attacking her admission of liability in a subsequent action.

The Honorable Edgardo Ramos, U.S.D.J.
January 12, 2024
Page 2

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

## The NOL Was Fully Compliant with Law

Plaintiff's underlying premise, that the NOL was insufficient, is legally incorrect. The NOL fully complied with the requirements of the authorizing statute. *See, e.g.*, *Matter of Palma v. City of New York*, 2023 N.Y. Misc. LEXIS 8968, *9 (Sup. Ct. New York County 2023) (NOL relating to school zone speeding ticket was sufficient because it contained what the authorizing statute required it to contain). The authorizing statute, VTL § 1174-a, requires only that the NOL contain: (1) the name and address of the person alleged to be liable, (2) the registration number of the vehicle; (3) the location; (4) the date and time of the violation; and (5) the identification number of the camera. VTL § 1174-a(g)(2). Although Plaintiff failed to include the specific NOL issued to her, the sample NOL attached to the complaint contains all the information required by VTL § 1174-a(g)(2), and therefore is facially sufficient.

## Plaintiff's Fine was Neither Unjust Nor Inequitable

Plaintiff failed to state a cause of action for unjust enrichment. Significantly, she does not contest that she, or someone driving her vehicle, actually passed a School Bus with its stop-arm activated in violation of the law. Indeed, Plaintiff admitted liability for this. Regardless of the sufficiency of the NOL, it is undisputed that Plaintiff, or someone driving her car, passed a School Bus with its stop-arm activated, and with such a violation comes a statutory civil penalty. Thus, there is nothing against equity and good conscious about what occurred here. In a similar case, the court explained, "Moreover, the Plaintiff has not sufficiently alleged that the Defendant should in 'equity and good conscience' return the $65.00 fine paid by the Plaintiff. The Notice of Liability that the Plaintiff received from Nassau TPVA gave the Plaintiff the opportunity to contest her ticket by 'request[ing] an appearance before the Nassau County Traffic and Parking Violations Agency.' Instead, the Plaintiff knowingly and voluntarily chose to pay the $65.00 fine without raising her objections to the ticket. Under such circumstances, the factfinder could not plausibly conclude that the Defendants in 'equity and good conscience' must return the Plaintiff's $65.00 fine." *Leder v. Am. Traffic Solutions, Inc.*, 81 F. Supp. 3d 211, 228 (E.D.N.Y. 2015) (citations omitted), *aff'd* 630 Fed.Appx. 61 (2d Cir. 2015). In fact, the NOL here warned Plaintiff that she had the right to contest liability at a hearing and that paying the fine was an admission of liability.[1]

## Plaintiff Failed to State a Cause of Action for Fraud

Plaintiff failed to plead her fraud claim with the requisite particularity and cannot satisfy the required intent or reliance elements. Importantly, BusPatrol has no statutory authority to charge an individual with a violation of VTL § 1174-a, nor did it issue the specialist's certification in the NOL. Rather, BusPatrol is a private company retained by municipalities to provide technology and administrative services. In addition, Plaintiff had access to the video and photo evidence that she now argues was insufficient to support the NOL, and therefore she cannot rely upon the

---

[1] Additionally, Plaintiff's voluntarily payment of the fine bars recovery under the Voluntary Payment Doctrine. *See, e.g.*, *Dillon v. U-A Columbia Cablevision of Westchester, Inc.,* 100 N.Y.2d 525, 526, 790 N.E.2d 1155, 1156 (2003)

4877-0676-5211.3

Case 1:24-cv-00113-ER   Document 11   Filed 01/12/24   Page 3 of 3

The Honorable Edgardo Ramos, U.S.D.J.
January 12, 2024
Page 3

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

NOL's characterization of that same evidence. *See, e.g.*, *Huron St. Realty Corp. v. Lorenzo*, 19 A.D.3d 450, 452 (2d Dep't 2005) ("[O]ne to whom an alleged false representation is made may not rely thereon if the means of obtaining the truth are available by the exercise of ordinary intelligence.") (citations omitted).

### Plaintiff's Negligent Misrepresentation Claim Must Fail

Plaintiff has not alleged "the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff." *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007). In fact, the relationship between the parties is adversarial in nature. *See, e.g.*, *Anderson v. Azzaro*, 31 Misc. 3d 1222(A) (Sup. Ct. Nassau County 2011) ("The facts of this case establish quite the opposite of privity by clearly demonstrating that this was a typical adversarial relationship between the parties."). Moreover, because the NOL relates to the litigation of the alleged violator's liability, any statement therein is absolutely privileged. *See, e.g.*, *Assoun v. Assoun*, 2014 U.S. Dist. LEXIS 179762, *15 (S.D.N.Y. 2014) (negligent misrepresentation claim not cognizable because of absolute litigation privilege).

### New York GBL § 349 Only Applies to Consumers

Plaintiff failed to state a cause of action under NY GBL § 349 because the alleged conduct must be consumer oriented and here it is not. *See Green v. Capital One, N.A.*, 557 F. Supp. 3d 441, 454 (S.D.N.Y. 2021) (Ramos, J.). Plaintiff did not purchase goods or services from BusPatrol, nor was BusPatrol offering to sell goods or services. *See, e.g.*, *Exxonmobil Inter-America v. Advanced Info. Eng'g Servs.*, 328 F. Supp. 2d 443, 448 (S.D.N.Y. 2004) ("a consumer, for § 349 purposes, is one 'who purchase[s] goods and services for personal, family or household use'") (citations omitted).

### Plaintiff's Declaratory Judgment Claim is Duplicative and Must be Dismissed

A claim of declaratory judgment is inappropriate "when the plaintiff has an adequate, alternative remedy in another form of action…" *Apple Records, Inc. v. Capitol Records, Inc.*, 137 A.D.2d 50, 54 (1st Dep't 1988); *see also Cable First Constr. Inc. v. Lepetiuk Eng'g Corp.*, 2021 U.S. Dist. LEXIS 15483 (S.D.N.Y. 2021).

There are many more reasons why Plaintiff's complaint should be dismissed, and Defendant reserves the right to make additional arguments for dismissal in its anticipated motion.

Respectfully submitted,

*/s/ Timothy D. Sini*

Timothy D. Sini

cc:     Aviva Horowitz and Joseph H. Aron (via ECF)