| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **MEMO ENDORSED** |
| SARAH MORGULIS, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>-against-<br><br>Bus Patrol America, LLC,<br><br>          Defendant. | Case No. 1:24-cv-00113-ER<br><br>**STIPULATION FOR THE PARTIAL DISMISSAL OF COMPLAINT** |

**WHEREAS**, on March 21, 2024, Plaintiff filed her First Amended Class Action Complaint, wherein she asserted the following causes of action: (1) Unlawful Delegation of Executive Authority; (2) Unlawful Delegation of Prosecutorial Authority; (3) State Constitutional Due Process Violation; (4) State Constitutional Right to Equal Protection; (5) Unjust Enrichment; (6) Conversion; (7) Negligent Misrepresentation; (8) Fraudulent Concealment / Fraudulent Inducement; (9) Prohibition on Excessive Fines in Violation of New York State Constitution, Art. 1, Sec. 5; (10) Prohibition on Fines Without Reasonable Cause in Violation of New York Civil Rights Law 11; (11) New York General Business Law Section 349; (12) Federal Due Process Claim Under 42 U.S.C. § 1983; (13) Federal Equal Protection Claim Under 42 U.S.C. § 1983; and (14) Declaratory Judgment; and

**WHEREAS**, on April 12, 2024, Defendant moved to dismiss Plaintiff's First Amended Class Action Complaint; and

**WHEREAS**, by Opinion and Order dated August 1, 2024 (the "Opinion and Order"), the Court granted Defendant's motion to dismiss Plaintiff's First Amended Class Action Complaint in its entirety, dismissing each cause of action, and providing Plaintiff with leave to file an amended complaint; and

1

**WHEREAS**, on August 20, 2024, Plaintiff filed her Second Amended Class Action Complaint, wherein she asserted the following causes of action: (1) Unlawful Delegation of Executive Authority; (2) Unlawful Delegation of Prosecutorial Authority; (3) State Constitutional Due Process Violation; (4) State Constitutional Right to Equal Protection; (5) Unjust Enrichment; (6) Conversion; (7) Negligent Misrepresentation; (8) Fraudulent Concealment / Fraudulent Inducement; (9) Prohibition on Excessive Fines in Violation of New York State Constitution, Art. 1, Sec. 5; (10) Prohibition on Fines Without Reasonable Cause in Violation of New York Civil Rights Law 11; (11) New York General Business Law Section 349; (12) Federal Due Process Claim Under 42 U.S.C. § 1983; (13) Federal Equal Protection Claim under 42 U.S.C. § 1983; (14) Aiding and Abetting Fraud; and (15) Declaratory Judgment; and

**WHEREAS**, Plaintiff desires to withdraw certain of her causes of action on the basis that in view of the Court's August 21, 2024, Decision and Order, further pursuit of such causes of action would be futile;

**IT IS HEREBY STIPULATED AND AGREED** that pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the following causes of action asserted in Plaintiff's Second Amended Class Action Complaint are voluntarily dismissed with prejudice: (1) Unlawful Delegation of Executive Authority; (2) Unlawful Delegation of Prosecutorial Authority; (3) State Constitutional Due Process Violation; (4) State Constitutional Right to Equal Protection; (6) Conversion; (7) Negligent Misrepresentation; (9) Prohibition on Excessive Fines in Violation of New York State Constitution, Art. 1, Sec. 5; (10) Prohibition on Fines Without Reasonable Cause in Violation of New York Civil Rights Law 11; (11) New York General Business Law Section 349; (13) Federal Equal Protection Claim under 42 U.S.C. § 1983; and (15) Declaratory Judgment; and

**IT IS FURTHER STIPULATED AND AGREED** that Plaintiff reserves any and all rights she has to appeal the Opinion and Order dated August 1, 2024; and

**IT IS FURTHER STIPULATED AND AGREED** that Plaintiff is not dismissing the following causes of action: (5) Unjust Enrichment; (8) Fraudulent Concealment / Fraudulent Inducement; (12) Federal Due Process Claim Under 42 U.S.C. § 1983; and (14) Aiding and Abetting Fraud (collectively the "Remaining Causes of Action"); and

**IT IS FURTHER STIPULATED AND AGREED** that Defendant reserves and does not waive its right to move to dismiss the Remaining Causes of Action in accordance with the Court's ordered briefing schedule and reserves and does not waive any other rights that existed prior to the filing of this stipulation.

Dated: September 30, 2024

| | |
|---|---|
| **BIENSTOCK PLLC** | **NIXON PEABODY LLP** |
| By: _/s Martin Bienstock_<br>     Martin Bienstock<br>BIENSTOCK PLLC<br>15 West 38th Street, Suite 628<br>New York, New York 10018<br>(646) 693-2934<br>mbienstock@bienstockpllc.com<br><br>Joseph H. Aron<br>3692 Bedford Avenue, Suite P2<br>Brooklyn, New York 11229<br>(718) 365-9500<br>jaron@aronlawpllc.com<br><br>*Attorneys for Plaintiff* | By: [signature]<br>     Timothy D. Sini<br>     Neil P. Diskin<br>55 West 46th Street<br>New York, New York 10036<br>(516) 832-7500<br>tsini@nixonpeabody.com<br>ndiskin@nixonpeabody.com<br><br>*Attorneys for Defendant* |

It is SO ORDERED.

Dated: October 2, 2024
New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

3